UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:01-cr-00242-LRH-PAL |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| RICHARD RAYMOND RUPPERT, ) | |
| Defendant. ) | |

    The Clerk of the Court has brought to the court's attention that there has been no decision upon a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Ruppert (hereafter "Ruppert") on November 29, 2004 (#105). This may be due to oversight as a result of Ruppert's completing his prior sentence and then being revoked on supervised release on November 28, 2005.

    The court has reviewed Ruppert's motion, wherein he asserts that the implementation of the sentencing enhancements applied to the sentencing guidelines by the court at the time of his sentencing violated his constitutional rights as set forth in *Blakely v. Washington,* 124 S.Ct. 2531, 159 L.Ed.2d 403 (204) and *United States v. Booker*, 125 S.Ct. 738, 745, 160 L.Ed.2d 621 (2005).

    The court will deny Defendant's motion as the rules set forth in *Blakely/Booker* are not to be applied retroactively in cases on collateral appeal. Ruppert pled guilty on July 23, 2002, and was sentenced on March 3, 2003. *Blakely* was decided on June 24, 2004, and, therefore, Ruppert seeks to apply the *Blakely/Booker* rationale retroactively to his case through collateral

1  appeal. Since filing Ruppert's motion, the Ninth Circuit Court of Appeals has specifically held
2  that the rule announced in *Blakely* does not apply to cases on collateral appeal. *Cooper-Smith v.*
3  *Palmateer*, 397 F.3d 1236, 1245-46 (9th Cir. 2005)(citing *Cook v. United States*, 386 F.3d 949,
4  950 (9th Cir. 2004). Therefore, as Ruppert's collateral appeal is based strictly on the Supreme
5  Court's rulings in *Blakely/Booker*, Ruppert's motion is without merit and will be denied.
6         Even if *Blakely/Booker* were to be applied retroactively, this court would find no reason
7  to reduce Ruppert's sentence. After *Booker*, the Federal Sentencing Guidelines are no longer
8  mandatory, *see id* at 764-67, and, if Ruppert were sentenced today, the court would use the
9  Guidelines in an advisory manner. In reviewing Ruppert's sentencing, the court stated at the
10 time of his sentencing that "under the circumstances of this case, I personally believe that this is
11 too low of a sentence, but under the law I am required to follow the Guideline range, and I
12 therefore am going to do it." In this case, if the Sentencing Guidelines had been advisory, the
13 court would have imposed a greater sentence than was, in fact, imposed. Ruppert has suffered no
14 injustice and there are no grounds upon which relief should be granted pursuant to 28 U.S.C. §
15 2255.
16        Ruppert's Motion to Vacate, Set Aside or Correct Sentence (#105) is DENIED.
17        Also before the court is Ruppert's Notice of Motion and Motion for Bail Pending Appeal
18 (#104), which was actually seeking his release on his own recognizance while his § 2255 motion
19 was pending. Ruppert's Motion (#104) is denied as moot.
20        IT IS SO ORDERED.
21        DATED this 8th day of February, 2007.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE